TANKINS v. BERGER.

(Supreme Court, Appellate Term. December 20, 1907.)

1. TROVER AND CONVERSION—EVIDENCE—SUFFICIENCY.
    In an action for conversion, evidence as to plaintiff's ownership and possession *held* insufficient to support a judgment in his favor.

2. APPEAL—REVIEW—QUESTIONS OF FACT.
    To sustain a judgment for plaintiff on conflicting evidence, the record of the trial must show with a reasonable degree of certainty that he is entitled to the judgment rendered.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Charles Tankins against Bernard Berger for conversion. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Bernard Breitbart, for appellant.
H. & J. J. Lesser, for respondent.

FORD, J. Plaintiff (respondent) recovered a judgment against the defendant (appellant) for conversion of a stock of groceries. Plaintiff's principal witness, a Mrs. Zechnowitz, testified that she knew Sam Lubosky for a year and a half; that he had a grocery store at 318–320 East Eighth street; that she was in the grocery business herself; that she had sold him grocery goods; that on March 14, 1907, he owed her $250; and that on that day, in payment of the bill and for $100 in cash paid by her to him, he gave her a bill of sale of the stock of goods and fixtures in the store. She says that on the same day she gave a bill of sale of the same goods and fixtures to the plaintiff in consideration of $250, which plaintiff was to pay later. It is well to note here that, while the minutes have the name of the vendor as "S. Lubosky," the bill of sale itself has his name typewritten in the body of the instrument as "Dobruskin." The signature bears some resemblance to the typewritten name, but clearly ends in "skin," not "sky." Mrs. Zechnowitz testified, further, that she took possession of the store; but it appears from her whole testimony that, while she was always there after the bill of sale, she did not sell goods nor assume its management. She swears that Sam Lubosky was a young man with black hair, and that she had seen another man in the store named Jacob Lubosky, whom she had known for six or seven months, and who was "reddish—a young man." The plaintiff corroborates Mrs. Zechnowitz as to the bill of sale from her to him. He testifies on direct examination, manifestly led by his counsel, that he was in possession of the store and its contents; but on cross-examination he contradicts himself, and says that he never got possession of the store, but "was supposed to come in a month later." He insists, however, that he went to the store every day to see what was bought and sold, but did not sell goods. He did not keep the store open, but "they did." Asked whom he meant by "they," he answered that he meant Lubosky. He saw only one Lubosky in the store.

Defendant testifies that his business was buying stores; that he knew Jacob Lubosky owned the store at 318–320 East Eighth street; that he (Lubosky) lived there with his family, and had purchased goods from the defendant; that he never saw Sam Lubosky there, and did not know him; that the name "Jacob Lubosky" was on the windows of the store; and that Jacob Lubosky was "a black fellow." He produced a bill of sale, signed "Jacob Lubosky," dated March 30, 1907, purporting to grant and convey to the defendant the very same goods and fixtures described in the bill of sale purporting to be signed by Sam Dobruskin, dated March 14, 1907, under which the plaintiff claims title. Defendant testifies that he paid $475 in cash to Jacob Lubosky for the contents of the store. Defendant's testimony was corroborated by several witnesses, three of whom describe Jacob Lubosky as a "black" or "dark" man, and one of whom testifies that the store had been ad-

vertised for sale in the Jewish papers by Jacob Lubosky. Defendant's removal of the goods under his bill of sale from J. "Lubosky," or "Dobruskin," as it appears in that instrument itself, constitutes the alleged conversion for which the suit is brought.

A judgment in conversion, based upon such a record, cannot be sustained. The proof offered by the plaintiff as to the ownership and possession of the property alleged to have been converted is hazy and contradictory. The maker of the bill of sale to plaintiff's vendor is not sufficiently identified. The weight of evidence is apparently with the defendant, although his defense is far from satisfactory. The entire record is a mass of contradictions, ambiguities, and inconsistencies. The burden is upon the plaintiff to send to this court a record of the trial from which it can be determined at least with a reasonable degree of certainty that he is entitled to the judgment in his favor. O'Connall v. Thompson-Starrett Co., 72 App. Div. 47, 76 N. Y. Supp. 296.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.